**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HANIFA WHITTAKER,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **WAWA, INC.,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Hanifa Whittaker (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Wawa, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Philadelphia, PA.
3. Upon information and belief, Wawa, Inc. is a convenience store chain with a location at 2131 South Street, Philadelphia, PA 19146 and corporate headquarters located at 260 West Baltimore Pike, Wawa, PA 19063.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff was employed in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under Title VII and PHRA.
13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.
14. The Charge was assigned a Charge Number 530-2023-05939 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 29, 2026. Plaintiff received the notice by electronic mail.
16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.
18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is African American.

21. In December 2021, Defendant hired Plaintiff in the position of Assistant General Manager.

22. Plaintiff was well qualified for her position and performed well.

## DEFENDANT SCHEDULED PLAINTIFF TO WORK THE MAJORITY OF NIGHT SHIFTS AND DID NOT ROTATE HER WITH THE OTHER TWO (2) CAUCASIAN ASSISTANT GENERAL MANAGERS

23. In February 2022, Defendant transferred Plaintiff to its 3901 Aramingo Avenue location.

24. At this location, Carmine Veneziula (Caucasian), General Manager, did not properly rotate Plaintiff with Sean Last Name Unknown ("LNU") (Caucasian), and Kate LNU (Caucasian), Assistant General Managers, in regards to night shifts, resulting in her working the vast majority of them.

25. Plaintiff believed that this differential treatment was based on her race.

## PLAINTIFF COMPLAINED TO VENEZIULA ABOUT HER SCHEDULE, BUT VENEZIULA REFUSED TO ADDRESS HER COMPLAINT AND STATED IT WAS ALLEGEDLY DUE TO HER NOT BEING "PROFICIENT ENOUGH"

26. In or around April 2022, Plaintiff complained to Veneziula regarding being scheduled for the vast majority of night shift in comparison with the Caucasian Assistant General Managers.

27. However, Veneziula refused to address Plaintiff's complaint, and stated the reason for it was that she was not "proficient enough", or words to that effect.

28. This did not make sense, as Plaintiff was running the store by herself when she was scheduled to work night shift.

**PLAINTIFF COMPLAINED TO THE AREA MANAGER**

29. Plaintiff proceeded to complain to John McKennon (Caucasian), Area Manager, about the disparate treatment regarding the scheduling of night shifts and Veneziula's response.

**VENEZIULA SCHEDULED PLAINTIFF TO WORK NIGHT SHIFTS FROM FRIDAY TO MONDAY**

30. However, a couple of weeks after Plaintiff's complaint to McKennon, Veneziula proceeded to schedule her to work night shifts from Friday to Monday.
31. Plaintiff believed this to be in retaliation for her complaints.

**PLAINTIFF COMPLAINED TO HUMAN RESOURCES AND WAS TRANSFERRED AS A RESULT**

32. In or around May 2022, Plaintiff complained to Latoya LNU, Human Resources Representative, about the racially disparate treatment and Veneziula's retaliatory conduct.
33. In response, Latoya offered to transfer Plaintiff to Defendant's 2131 South Street location.
34. Plaintiff accepted the transfer.
35. On May 31, 2022, Defendant transferred Plaintiff to its 2131 South Street location.

**A COWORKER GAVE PLAINTIFF A HARD TIME AND WAS OPENLY INSUBORDINATE, BUT DID NOT TREAT CAUCASIAN MANAGEMENT IN A SIMILAR MANNER**

36. Since the start of working at the new location, Isis LNU, gave Plaintiff a hard time by being openly insubordinate and having a bad attitude.
37. Isis did not treat Caucasian management in this manner.

**PLAINTIFF COMPLAINED TO THE GENERAL MANAGER ABOUT ISIS'S CONDUCT, BUT HER COMPLAINT WAS NOT ADDRESSED**

38. Plaintiff complained to Gwendolyn Harris, General Manager, about Isis's behavior, but it was not addressed.

**PLAINTIFF REPORTED ISIS'S HARASSMENT TO HARRIS AND THEN LEFT FOR THE DAY**

39. On July 18, 2022, Plaintiff was scheduled to begin her planned vacation until July 24, 2022, however, it was cancelled.
40. Plaintiff reported to work at Defendant.
41. When Plaintiff arrived, she saw that Isis had written "MOD [Manager on Duty] hahaha" next to Plaintiff's name on the schedule.
42. Plaintiff reported this to Harris and stated that if she did not address Isis's conduct, that Plaintiff would contact Human Resources.
43. Plaintiff also informed Harris that she felt sick because of the situation and was going home.
44. Plaintiff had also notified the Supervisor and Manager on duty that she was leaving the location for the day.
45. Harris informed Plaintiff that she would investigate the situation.

**PLAINTIFF COMPLAINED TO VENEZIULA ABOUT ISIS'S CONDUCT AND WAS ASSIGNED TO WORK AT A DIFFERENT LOCATION DURING THE INVESTIGATION**

46. Plaintiff then complained to Veneziula about the situation, as he was the Interim-Area Manager due to McKennon going out on vacation.
47. Veneziula scheduled Plaintiff to work out of Defendant's 17th and Arch location while her complaint was being investigated.

48. From July 19, 2022, to July 24, 2022, Plaintiff worked at Defendant's 17th and Arch location without issue.

**DEFENDANT TERMINATED PLAINTIFF**

49. On July 25, 2022, Harris and Veneziula called Plaintiff and terminated her for allegedly abandoning her shift on July 18, 2022.

50. Plaintiff did not abandon her shift, as she had followed Defendant's policies and procedures by notifying the Supervisor and Manager on duty, and Harris that she was going home.

51. Upon information and belief, Veneziula gloated to other coworkers that Plaintiff was terminated.

52. Defendant proceeded to replace Plaintiff with the former Food and Beverage Manager, Dante LNU (Caucasian), who was aware of Plaintiff's termination prior to when she was informed.

53. Plaintiff proceeded to call Human Resources regarding her termination.

54. Human Resources changed Plaintiff's termination code from termination due to shift abandonment, to dissatisfaction with management, and then finally to voluntary termination.

55. Plaintiff did not voluntarily terminate her employment.

56. Defendant discriminated against Plaintiff due to her race and retaliated against her for reporting race discrimination in violation of Title VII, the PHRA and the PFPO.

57. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a member of protected classes in that she is African American.

60. Plaintiff was qualified to perform the job for which she was hired.

61. Plaintiff suffered adverse job actions, including, but not limited to termination.

62. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

63. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

64. Defendant discriminated against Plaintiff on the basis of race.

65. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – RACE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).

69. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RACE DISCRIMINATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

70. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
71. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).
72. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
74. Plaintiff engaged in protected activity protected by Title VII when she complained to her supervisors about the race discrimination.
75. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.
76. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff engaged in activity protected by the PHRA when she complained to her supervisors about the race discrimination.

79. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

80. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – RETALIATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. Plaintiff engaged in activity protected by the PFPO when she complained to her supervisors about the race discrimination.

83. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

84. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Hanifa Whittaker, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including,

*inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: September 28, 2026 **By:** _/s/ David M. Koller_ _______

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*